IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMALE JERROD LEWIS, | § | |
| TDCJ-CID NO. 1414663, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-04014 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jamale J. Lewis filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court conviction and sentence. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 12). For the reasons stated below, the court will grant Thaler's motion for summary judgment and deny Lewis's petition for a writ of habeas corpus.

## I.   History and Claims

### A.   Statement of Facts

On August 16, 2005, Petitioner Lewis entered his neighbor's home armed with a shotgun and engaged in forcible sexual

intercourse with her.  He then took her wallet, ordered her into the trunk of her car, and drove around for some time.  Lewis returned to his neighbor's house, ordered her back into her room, and sexually assaulted her again.  Police arrived during this second assault.  Lewis ran out of the house naked into a nearby wooded area.  Houston Police Department Officer J. Sealy gave pursuit.

Sealy caught up to and tasered Lewis.  Lewis fought back, pinned Officer Sealy to the ground, and began to choke him.  Fearing for his life, Sealy pulled out his handgun, pointed at Lewis's rib cage, and pulled the trigger.  Nothing happened.  Lewis attempted to take the weapon from him.  Officer Sealy managed to point the gun away and discharge all his rounds.  Lewis then went for Sealy's baton and handcuffs.  In the process, he loosened his grip on Sealy, who wrestled free and escaped.  Lewis subsequently fled to his residence, where police apprehended him.[1]

## B. Procedural History

Lewis pleaded guilty to the first-degree felony offenses of aggravated sexual assault and attempted capital murder on

---

[1]<u>Lewis v. State</u>, Nos. 01-07-00022-CR and 01-07-00023-CR (Tex. App. -- Houston [1st Dist.] 2007, pet. ref'd), attached to <u>Ex parte Lewis</u>, Case No. WR-72,979-01 ("SHCR-01"), included in State Court Records, Docket Entry No. 9, pp. 80-83.

October 12, 2006.[2]  At the punishment hearing Lewis's neighbor and Officer Sealy testified for the prosecution as to the events of Lewis's criminal episode.  The defense called various witnesses, who testified about Lewis's traumatic childhood and remorse for his behavior.  Lewis also testified.  While he at first accepted responsibility for his actions, Lewis claimed during his cross-examination that someone else committed the crimes.  On redirect he recanted this testimony, stating that he committed the crimes but did not remember because he was high on PCP during the offenses.

The 184th District Court of Harris County, Texas, sentenced Lewis to two concurrent life sentences on January 5, 2007.[3]  On October 4, 2007, the First Court of Appeals of Texas affirmed Lewis's conviction.[4]  Lewis then filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on February 13, 2008.[5]  On January 3, 2009, Lewis filed two applications for a state writ of habeas corpus, each based on one of his convictions.  The Court of Criminal Appeals denied both

---

[2]Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, SHCR-01, pp. 88-89.

[3]Judgment of Conviction by Court -- Waiver of Jury Trial, SHCR-01, p. 102.

[4]Lewis v. State, Nos. 01-07-00022-CR and 01-07-00023-CR (Tex. App. -- Houston [1st Dist.] 2007, pet. ref'd), SHCR-01, p. 79.

[5]Lewis v. State, P.D.R.-1530-07 & 1531-07 (Tex. Crim. App. 2008), included in State Court Records, Docket Entry No. 9.

-3-

without written order on November 25, 2009.[6]  Lewis filed the
present action for habeas corpus relief on December 5, 2009,
(Docket Entry No. 1).  Respondent moved for summary judgment on
April 28, 2010, (Docket Entry No. 12).  Lewis has not responded to
the motion.

## C.   Petitioner's Claims and Respondent's Challenges

Construing Lewis's _pro se_ petition liberally, the court
understands him to raise the following claims for relief:

> (1)  Lewis was denied effective assistance of counsel,
> which led to an involuntary and unintelligent guilty
> plea, because his trial counsel:
>
>> (a)  failed to request a competency hearing prior to
>> the guilty plea; and
>>
>> (b)  failed to counsel Lewis as to the elements of
>> the charges against him.
>
> (2)  Lewis was denied effective assistance of counsel
> because his trial counsel:
>
>> (a)  failed to hire a psychiatrist to give expert
>> testimony at the sentencing hearing;
>>
>> (b)  used abusive language while addressing Lewis;
>> and
>>
>> (c)  failed to prepare for trial.
>
> (3)  The trial court abused its discretion by failing to
> _sua sponte_ reject Lewis's guilty plea and order a

---

[6]Application for 11.07 Writ of Habeas Corpus -- Action Taken,
SHCR-01, cover; Application for 11.07 Writ of Habeas Corpus --
Action Taken, attached to Ex parte Lewis, Case No. WR-72,979-02
("SHCR-02"), included in State Court Records, Docket Entry No. 9,
cover.

-4-

competency hearing upon observing that Lewis was not aware of the charges against him.

(4) The evidence presented by the State was legally insufficient to prove Lewis's guilt beyond a reasonable doubt because his intoxication prevented him from forming the requisite mental state.[7]

Respondent generally accepts that Lewis's claims are both timely and properly exhausted. Respondent challenges all claims on the merits and challenges claim (3) as procedurally barred.

## II.   Standard of Review

### A.   Summary Judgment

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct.

---

[7]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

2548, 2553 (1986).   Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. Anderson, 106 S. Ct. at 2511.  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  FED. R. CIV. P. 56(c).

**B.    AEDPA and Habeas Corpus Procedure**

When considering a summary judgment motion, the court usually resolves any doubts and draws any inferences in favor of the non-moving party.  Anderson, 106 S. Ct. at 2511.  However, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), changes this standard in habeas proceedings. Federal courts do not view the facts in the light most favorable to the non-moving petitioner.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004)).  Instead, the court must presume that all facts found by the state court are correct.  28 U.S.C. § 2254(e)(1) (2006).  The court will accept any findings of fact by the state unless the petitioner can rebut the presumption of correctness with clear and convincing evidence.  Cockrell, 311 F.3d at 668.

The petitioner must prove that he is entitled to relief. Williams v. Taylor, 120 S. Ct. 1495, 1518 (2000).  Federal courts may not grant habeas relief on any claim adjudicated on the merits in state court unless the petitioner shows that the adjudication:

> (1)   resulted in a decision contrary to or involved an unreasonable application of established federal law; or
>
> (2)   resulted in a decision based on an unreasonable determination of fact in light of the evidence presented in state court.   28 U.S.C. § 2254(d).

A decision can be contrary to established federal law in two ways: "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law"; or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite [to that of the Court]."   Taylor, 120 S. Ct. at 1519.   A decision unreasonably applies established federal law only if the application is "objectively unreasonable." Id. at 1521.   The question of unreasonableness differs from the question of correctness and sets "a substantially higher threshold" for obtaining relief.   See Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007).   This inquiry requires "that state-court decisions be given the benefit of the doubt."   Woodford v. Visciotti, 123 S. Ct. 357, 360 (2002) (per curiam).


### III.   Procedural Bar

Respondent argues that Lewis defaulted claim (3) in state court and is therefore procedurally barred from raising it in his federal habeas petition.

## A.    Applicable Law

Under the procedural default doctrine, federal courts are precluded from granting habeas relief on a claim when the last state court to consider the matter denied it on an independent and adequate ground of state procedural law.   Coleman v. Thompson, 111 S. Ct. 2546, 2554 (1991).   The state must expressly announce that its disposition is "based on bona fide separate, adequate, and independent grounds."   Id. at 2556.

When a state explicitly relies on a procedural bar, the petitioner may not obtain habeas relief unless he shows cause for and prejudice by the default.   Wainwright v. Sykes, 97 S. Ct. 2497, 2508 (1977).   Valid cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."   Barrientes v. Johnson, 221 F.3d 741, 763-764 (5th Cir. 2000) (quoting Murray v. Carrier, 106 S. Ct. 2639, 2641 (1986)).   In order to meet the prejudice standard, "petitioner[] must identify how the alleged violation harmed [his] cause."   Williams v. Whitley, 994 F.2d 226, 232 (5th Cir. 1993).   The court need not consider the prejudice issue if the petitioner fails to demonstrate cause for the default.   McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991).

A petitioner who fails to meet these requirements may still seek habeas relief if he can demonstrate that a miscarriage of

justice will result from the court's failure to hear a claim. Wainwright, 97 S. Ct. at 2508.  However, this exception is "limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him."  Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  "Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."  Id.  A claim of actual innocence is not itself grounds for habeas relief, "but instead [is] a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Schlup v. Delo, 115 S. Ct. 851, 861 (1995) (quoting Herrera v. Collins, 113 S. Ct. 835, 862 (1993)).  "'To be credible' a claim of actual innocence must be based on reliable evidence not presented at trail."  Calderon v. Thompson, 118 S. Ct. 1489, 1502-03 (1998) (quoting Schlup, 115 S. Ct. at 865).

Texas law requires that a petitioner raise on direct appeal any claim based upon the trial court record before he raises it on a state habeas application.  Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).  The Fifth Circuit has held that this rule is an "adequate state ground capable of barring federal habeas review."  Scheanette v. Quarterman, 482 F.3d 815, 827 (5th Cir. 2007).

-9-

**B.   Analysis**

Respondent argues that Lewis is barred from raising claim (3) because the last state court to consider the matter disposed of it on independent and adequate state procedural grounds.  The record shows that the state habeas court recommended that the claim be denied for failure to raise it on direct appeal, citing to Townsend.[8]  See 137 S.W.3d at 81.  The Texas Court of Criminal Appeals adopted the recommendation in denying both applications.[9]  The court concludes that the Court of Criminal Appeals disposed of Lewis's claim on independent and adequate state procedural law grounds.  See Scheanette, 482 F.3d at 827.

**C.   Cause and Prejudice Exception**

Lewis has not provided an explanation of why he did not raise claim (3) on direct appeal.  He fails to present an objective factor external to his defense that prevented him from complying with state procedural law and therefore fails to show cause for his default.  See Barrientes, 221 F.3d at 763-64.  Since Lewis has failed to show cause, the court does not need to address the element of prejudice.  See McCleskey, 111 S. Ct. at 1470.

_____

[8]State's Proposed Findings of Fact, Conclusions of Law and Order, SHCR-01, p. 74; State's Proposed Findings of Fact, Conclusions of Law and Order, SHCR-02, p. 51.

[9]Application for 11.07 Writ of Habeas Corpus -- Action Taken, SHCR-01, cover; Application for 11.07 Writ of Habeas Corpus -- Action Taken, SHCR-02, cover.

### D.   **Miscarriage of Justice Exception**

Lewis makes two distinct claims of innocence in his petition. He first claims that "he firmly believed that it was not the Petitioner himself who did those things but actually someone else."[10]   Lewis cites to the following exchange between the state prosecutor and himself in support of his claim:

> Q.   Do you have any memory of trying to take Officer Sealy's pistol away from him?
>
> A.   I don't remember even, you know what I'm saying, seeing a law man.  I don't remember him -- I don't much remember him saying I did what I did do.  You know what I'm saying?  I can't answer you on that question.
>
> Q.   Well, you know what you have been accused of doing, right?
>
> A.   I know what I been accused of doing.
>
> Q.   And you know what you pled guilty to doing?
>
> A.   I pled guilty, yes, sir.
>
> Q.   Okay.  So, do you believe you did those things?
>
> A.   Well, no.  I don't believe I did it.  I believe another person did it for me. But I didn't do it though.
>
> Q.   So somebody else did it?
>
> A.   Yes, sir.[11]

---

[10]Memorandum of Law and Brief in Support of Application for Habeas Corpus, Docket Entry No. 2, p. 1.

[11]Reporter's Record, <u>State v. Lewis</u>, Cause Nos. 1037538 & 1037539 ("Reporter's Record"), included in State Court Records, Docket Entry No. 9, p. 162, ll. 5-23.

The court understands this to be a claim of actual innocence. While Lewis may raise this argument as a "gateway" to the merits of his barred claim, he offers only his trial testimony as evidence of his innocence.[12]   Since he has failed to produce any reliable evidence of his actual innocence, he has failed to establish sufficiently a miscarriage of justice.  See Calderon, 118 S. Ct. at 1502-03.

Lewis also claims innocence "by showing he was not actually aware of his [conduct]" at the time of the crime because he was under the influence of drugs.[13]   During the punishment hearing, Lewis admitted that he had been "smoking water" throughout the day of the crimes.[14]  He further testified that his last memory that day was asking his neighbor for matches.[15]   The first thing he claims to remember after sobering up is being in jail.[16]   The court does not understand this as a valid actual innocence claim because Lewis's testimony does not show as a factual matter that he did not

---

[12]Lewis later recanted his testimony.  See Reporter's Record, p. 163, ll. 1-13.

[13]Memorandum of Law and Brief in Support of Application for Habeas Corpus, p. 3.

[14]Reporter's Record, p. 159, ll. 12, 13.  "Smoking water" refers to the ingestion of liquid phencyclidine (PCP) by combining it with marijuana and smoking it.  See United States Department of Justice, Drug Enforcement Administration, Drugs and Chemicals of Concern:   Phencyclidine, http://www.deadiversion.usdoj.gov/drugs_concern/pcp.htm (last visited on June 29, 2010).

[15]Reporter's Record, p. 160, ll. 23-25.

[16]Id. at 160, l. 16.

commit the crimes.  See Finely, 243 F.3d at 220.  Even if this were
a valid actual innocence claim, it would still fail because Lewis
does not support it with evidence not presented at trail.  See
Calderon, 118 S. Ct. at 1502-03.

Lewis defaulted claim (3) in state court and does not show
cause for his default.  He has failed to satisfactorily demonstrate
that a miscarriage of justice will result from the court's refusal
to hear his claim. Lewis is therefore procedurally barred from
raising claim (3).  See Coleman, 111 S. Ct. at 2554.


### IV.  **Merits**

Respondent challenges all of Lewis's claims on the merits.
The court will separately address the challenge to each claim.


## A.   Claim (1) and Claim (2): Ineffective Assistance of Counsel

In his first two claims, Lewis argues that his trial counsel
was so deficient that Lewis was deprived of his constitutional
right to effective assistance of counsel.  He identifies five
alleged errors committed by his trial counsel.  Respondent argues
that Lewis's claims are conclusory and fail to establish an
ineffective assistance claim under the test set forth by the United
States Supreme Court in Strickland v. Washington, 104 S. Ct. 2052
(1970).

-13-

1.   Applicable Law

When a defendant pleads guilty based on the advice of counsel, the validity of that plea is analyzed through the two-part test articulated in Strickland. Hill v. Lockhart, 106 S. Ct. 366, 369, 370 (1985). To prevail on a claim of ineffective assistance of counsel a petitioner must prove that (1) trial counsel's performance was deficient and (2) actual prejudice was suffered due to this deficiency. Strickland, 104 S. Ct. at 2064. The petitioner has the burden to affirmatively prove each prong of the test. Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

To meet the first prong of the test, the petitioner must show that his trial counsel's performance fell below an objective standard of reasonableness such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 104 S. Ct. at 2064. The court determines reasonableness by assessing whether, in light of all the circumstances present at the time of counsel's conduct, the alleged act or omission falls within the broad scope of objectively reasonable assistance. Id. at 2066. Review of trial counsel's performance must be extremely deferential, and the court must indulge a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065.

To meet the second prong of the Strickland test, the petitioner must affirmatively demonstrate that "there is a

-14-

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. "Reasonable probability" is probability sufficient to undermine confidence in the outcome of the proceedings. Strickland, 104 S. Ct. at 2068; Carter, 131 F.3d at 463. Where there is overwhelming record support for the verdict or conclusion, there is a lower likelihood of prejudice, and the petitioner must produce very compelling evidence to undermine the verdict or conclusion. See, e.g., Strickland, 104 S. Ct. at 2069; Moawad v. Anderson, 143 F.3d 942, 946, 947 (5th Cir. 1998).

"The failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim." Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998). The petitioner must allege facts to prove both prongs of the test; conclusory allegations will not suffice. See id. at 1042-43. The court may dispose of the claim based on the petitioner's failure to meet either prong. Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

A trial court may not accept a defendant's guilty plea without an affirmative showing that it is voluntarily and intelligently made. Boykin v. Alabama, 89 S. Ct. 1709, 1711 (1969). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995) (quoting Taylor v. Whitley, 933

F.2d 325, 329 (5th Cir. 1991)).   A guilty plea will be upheld if the record shows that the defendant understood the charges against him and the consequences of his guilty plea.   <u>James</u>, 56 F.3d at 666.   This information need not come from his lawyer or the judge in particular; as long as it is shown that the defendant was in fact informed, his guilty plea will be regarded as voluntary and intelligent.   <u>Burdick v. Quarterman</u>, 504 F.3d 545, 547-48 (5th Cir. 2007).

A defendant must also be competent to plead guilty.   <u>Godinez v. Moran</u>, 113 S. Ct. 2680, 2686 (1993).   The conviction of a mentally incompetent defendant violates constitutional due process. <u>Pate v. Robinson</u>, 86 S. Ct. 836, 838 (1966).   A guilty plea is more than a confession of culpability, it is a conviction itself.   <u>Diaz v. Martin</u>, 718 F.2d 1372, 1376 (5th Cir. 1983).   Therefore, it is a violation of due process to accept a guilty plea from a mentally incompetent defendant.   <u>Theriot v. Whitley</u>, 18 F.3d 311, 313 (5th Cir. 1994).

The test for competence is whether the defendant had both the present ability to consult with counsel and a rational and factual understanding of the proceedings against him.   <u>Dusky v. United States</u>, 80 S. Ct. 788, 788-89 (1960).   The Fifth Circuit has adopted this test as the standard for competency to stand trial and competency to give a valid plea.   <u>DeVille v. Whitley</u>, 21 F.3d 654, 656 (5th Cir. 1994).   To challenge competency on collateral review,

the petitioner must "prove, by a preponderance of the evidence, that he was incompetent in fact at the time of the plea." Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990).

    2.   Claim (1)(a)

Lewis claims that he received ineffective assistance of counsel because his trial attorney failed to move for a competency hearing prior to his guilty plea.  As the court understands his claim, Lewis asserts that his trial counsel's failure prejudiced him because he was actually incompetent at the time of his plea and the trial court would have rejected Lewis's plea had his counsel moved for a competency hearing.  Lewis alleges that the resulting conviction violated his due process rights.  Respondent argues he is entitled to summary judgment on this claim because the state habeas court made a factual finding that Lewis was competent and such a finding is due a presumption of correctness.

The state habeas court held that Lewis failed to demonstrate that he lacked either the present ability to consult with counsel or a rational and factual understanding of the proceedings around him.[17]  The court understands this holding as a finding of competence under the Dusky standard.  See 80 S. Ct. at 788-89.  The Texas Court of Criminal Appeals adopted this finding in its

---

[17]State's Proposed Findings of Fact, Conclusions of Law and Order, SHCR-01, p. 73; State's Proposed Findings of Fact, Conclusions of Law and Order, SHCR-02, p. 50.

rejection of Lewis's habeas applications.[18]  Findings of competence by the state are factual findings.  See Maggio v. Fulford, 103 S. Ct. 2261, 2264 (1983).  Accordingly, the factual finding of Lewis's competence is due a presumption of correctness under the AEDPA.  See Miller-El v. Johnson, 261 F.3d 445, 454 (5th Cir. 2001) (rev'd on other grounds, 123 S. Ct. 1029 (2003)).

The AEDPA requires the court to accept the state's findings of fact as true unless the petitioner rebuts them with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Cockrell 311 F.3d at 668.  Lewis offers two bases for his claim.  First, Lewis points to several statements made during the punishment hearing in which he alternately claimed that someone else committed the crime for him and that he did not remember committing the crime due to his intoxication.[19]  These statements refer back to Lewis's mental state at the time of the commission of the offense, not to his mental capacity during his guilty plea.  They do not speak to his present ability to consult with counsel or his understanding of the proceedings around him at the time of his plea.  Lewis's first allegation fails to prove that he was incompetent.  See Bouchillon, 907 F.2d at 592.

_____

[18]Application for 11.07 Writ of Habeas Corpus -- Action Taken, SHCR-01, cover; Application for 11.07 Writ of Habeas Corpus -- Action Taken, SHCR-02, cover.

[19]Memorandum of Law and Brief in Support of Application for Habeas Corpus, pp. 1, 3, 4.

-18-

Second, Lewis attached to his petition a medical record documenting mental health problems. It contains findings from various medical and psychological evaluations that Lewis underwent around the age of seventeen. While this record establishes that Lewis had mental issues several years before the offenses, it does not establish, or even document, mental incompetence at the time of his guilty plea. See Dusky, 80 S. Ct. at 788-89.

Without a proper factual basis, Lewis's claim is little more than a conclusory allegation. Conclusory allegations cannot serve as the grounds for federal habeas relief. See Green, 160 F.3d at 1042-43. Lewis's claim is particularly unconvincing in light of the numerous sworn statements in which various people - including Lewis himself - attest that he was mentally competent during the proceedings.[20] The court gives a presumption of verity to official court documents. See Webster v. Estelle, 505 F.2d 926, 929-30 (5th Cir. 1974). Lewis makes no attempt to challenge the accuracy of these documents. Since he has failed to produce clear and convincing evidence of incompetence at the time of his guilty plea, the court must accept the state's finding of mental competence as correct. See Cockrell, 311 F.3d at 668.

To satisfy the prejudice prong of the Strickland test Lewis must affirmatively prove to a reasonable probability that the

---

[20]See, e.g., Affidavit of Steven M. Goins, SHCR-01, p. 65; Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, SHCR-01, p. 88; Admonishments, SHCR-01, p. 90.

-19-

outcome of the proceedings would have differed but for the alleged error of counsel. Strickland, 104 S. Ct. at 2068. In the context of a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (quoting Hill, 106 S. Ct. at 370). Lewis predicates claim (1)(a) on the notion that his plea would have been rejected had his counsel moved for a competency hearing. However, as explained above, since the state court's finding of competency is amply supported, Lewis cannot show that a competency hearing would have affected the outcome of the plea process. Accordingly, Lewis has failed to establish prejudice. See Strickland, 104 S. Ct. at 2068. The court will reject Lewis's claim without considering the deficient performance prong of the Strickland test. See Amos, 61 F.3d at 348. The court further finds that Lewis's plea was constitutionally valid with respect to competency. See Godinez, 113 S. Ct. at 2686. Respondent is entitled to summary judgment on claim (1)(a).

3. Application to Claim (1)(b)

Lewis claims that he received ineffective assistance of counsel because his trial attorney failed to inform him of the essential elements of the offenses to which he pled guilty. He alleges that he neither knew of nor actually possessed the mens rea

-20-

of the crimes charged against him.  Lewis argues that his trial
counsel's failure to explain the requisite mental state prejudiced
him by leading to an unintelligent guilty plea.  He further claims
that the resulting conviction violated his due process rights.
Respondent argues that the record shows Lewis was admonished as to
the essential elements of the offenses, the maximum penalty for
each crime, and the rights forfeited by his plea.

The court will uphold a guilty plea if the record shows that
the petitioner was aware of the substance of the charges against
him and the consequences of his plea.  Boykin, 89 S. Ct. at 1711;
James, 56 F.3d at 666.  This information does not necessarily need
to come from his lawyer.  See Burdick, 504 F.3d at 547-48.  Lewis
signed various documents swearing that he knew and understood the
substance of the charges and the consequences of his plea.[21]  His
lawyer, the prosecutor, and the trial judge signed these documents
in approval.[22]  The court affords these official documents a
presumption of verity.  See Webster, 505 F.2d at 929-30.  While
Lewis's challenge to the guilty plea may be understood as a
challenge to these documents, he offers no specific facts that

---

[21]See, e.g., Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession, SHCR-01, pp. 88-89 (listing the
essential elements of the crime and various rights waived by
Lewis's plea); Admonishments, SHCR-01, pp. 90-94 (outlining the
maximum penalty for the charged crime and listing various rights
waived by Lewis's plea).

[22]Id.

would support this challenge.  His conclusory allegations fail to overcome the formidable barrier against collateral attack erected by the presumption of verity.  See Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977).

Since the court concludes that Lewis's plea was voluntary and intelligent, his ineffective assistance claim fails because he cannot show prejudice.  In claim (1)(b) Lewis argues that he suffered prejudice by entering an unintelligent plea based on the allegedly incomplete information given to him by trial counsel. Regardless of whether his trial counsel properly informed him, the record reflects that various sources provided Lewis with all the information to make a voluntary and intelligent plea.  Lewis has not shown that the outcome of the proceedings would have differed but for trial counsel's alleged error.  See Strickland, 104 S. Ct. at 2068.  The court rejects Lewis's claim (1)(b) without considering the deficient performance prong of the Strickland test. See Amos, 61 F.3d at 348.  The court further concludes that Lewis's plea was constitutionally valid with respect to voluntariness and intelligence.  See James, 56 F.3d at 666.  Respondent is entitled to summary judgment on claim (1)(b).

-22-

4.   Claim (2)

In claim (2) Lewis states that his trial counsel:  (a) failed to hire a psychiatrist to testify about Lewis's mental illness, (b) used abusive language while addressing Lewis, and (c) failed to prepare for trial.  Specifically regarding claim (2)(a), Lewis asserts that expert testimony would "clearly have mitigated the petitioner's punishment or even as well expanded it later with a result of a not guilty by reason of insanity vote."[23]  Respondent argues that Lewis's claims are conclusory and fail to affirmatively prove ineffective assistance of counsel.  The court addresses each item within claim (2) separately.

Lewis fails to prove either prong of the Strickland test with respect to claim (2)(a).  To the extent that he argues that a psychiatric evaluation would have established the affirmative defense of insanity, Lewis waived such defense with his guilty plea.  See Speed v. United States, 441 F.2d 1106, 1107 (5th Cir. 1971) (per curiam) (stating that insanity is a defense on the merits, all of which are waived with a guilty plea).  As to the allegation that his counsel failed to present mitigating evidence, Lewis's claim is unsubstantiated and conclusory.  "Although failure to present mitigating evidence during the penalty phase . . . is not, per se, ineffective assistance of counsel, counsel has a duty

---

[23]Memorandum of Law and Brief in Support of Application for Habeas Corpus, p. 2.

to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." <u>Ransom v. Johnson</u>, 126 F.3d 716, 723 (5th Cir. 1997) (citations omitted).  The record shows that Lewis's attorney presented witnesses to testify about Lewis's tumultuous childhood and diagnosed illnesses as part of a plea for leniency, indicating that counsel did in fact make a reasonable investigation.[24]

Lewis presents no evidence that persuades the court that his counsel's failure to call a psychiatrist was objectively unreasonable.  Lewis does not explain what additional evidence a psychiatrist could have added or how such evidence would have affected the outcome of the PSI.  His conclusory claim affirmatively proves neither prong of the <u>Strickland</u> test and is insufficient for federal habeas relief.  See <u>Green</u>, 160 F.3d at 1042-43.

Claim (2)(b) is similarly without merit.  Lewis alleges that his attorney was constitutionally ineffective because counsel "out of nowhere...started yelling and screaming at the petitioner."[25] The trail record shows that Lewis's attorney was admonished for raising his voice while attempting to have Lewis reaffirm his

---

[24]<u>See generally</u> Reporter's Record, pp. 118-36 (testimony of Fannie Davis, Lewis's grandmother), 136-49 (testimony of Michael Davis, Lewis's uncle), 150-56 (testimony of Carlton Lewis, Lewis's brother).

[25]Memorandum of Law and Brief in Support of Application for Habeas Corpus, p. 1.

criminal culpability.[26]  Lewis has not shown that this behavior was objectively unreasonable or that it prejudiced the outcome of the PSI in any way.  The court will grant summary judgment on claim (2)(b).

In claim (2)(c) Lewis alleges that his trial counsel failed to prepare for trial.  This claim is both forfeited and meritless. Lewis's guilty plea waived his right to pursue all nonjurisdictional defects, except those related to the validity of his guilty plea.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).  To the extent that he challenges trial counsel's preparation for the PSI, Lewis fails to support his claim with any evidence.  His conclusory allegation conflicts with the facts discussed above.  He alleges no specific omission by counsel that is objectively unreasonable, nor does he explain how such omission prejudiced him.  The court must deny claim (2)(c).  See Green, 160 F.3d at 1042-43.

## B.  Claim (3): Abuse of Trial Court Discretion

In claim (3) Lewis argues that the trial court abused its discretion by not sua sponte ordering a competency hearing. Respondent asserts that this claim is procedurally barred and without merit.  As discussed above, Lewis is barred from seeking

---

[26]Reporter's Record, p. 163, ll. 2-10.

relief on this claim.   The court additionally finds sufficient grounds to deny it on the merits were it not barred.

### 1.   Applicable Law

A trial court must conduct a sua sponte inquiry into a defendant's mental competence if the evidence before the judge raises a "bona fide doubt" as to competence.   Pate, 86 S. Ct. at 842.   To determine whether a "bona fide doubt" exists, the trial court must examine:   (1) any history of irrational behavior, (2) the defendant's demeanor at trial, and (3) any prior medical opinions on competency.   Mata v. Johnson, 210 F.3d 324, 329 (5th Cir. 2000).   If an objective review of the evidence yields reasonable doubt as to the defendant's competence, the trial court must conduct a competency inquiry.   Id.; Carter, 131 F.3d at 459 n.10.

The determination of whether a reasonable doubt exists falls within the sound discretion of the trial court.   United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995).   This determination is only reviewed for an abuse of discretion.   United States v. Messervey, 317 F.3d 457, 463 (5th Cir. 2002).   The court will not find an abuse of discretion unless the evidence of incompetence was sufficiently manifest to the trial court.   See id. (quoting Zapata v. Estelle, 588 F.2d 1017, 1021 (5th Cir. 1979)).   Evidence is "sufficiently manifest" if it is "clearly connected to the

competence of the defendant" and presented in a manner that does not require "a busy trial judge to aggregate information." See id. The petitioner has the burden of producing such evidence and proving that reasonable doubt of his competence existed at trial. See Taylor, 120 S. Ct. at 1519.

### 2.   Analysis

Lewis supports his claim with: (1) a medical record diagnosing him with post traumatic stress disorder, depression, and anxiety; (2) testimony from his relatives about his mental health issues; and (3) personal testimony that he either did not remember committing the crimes due to intoxication or that "another person did it [the crimes] for [him]."[27]   He offers no evidence as to prior irrational behavior or prior medical opinions on mental competency.   The court is not persuaded that Lewis has produced evidence of incompetence, sufficiently manifest or otherwise, especially in light of the state habeas court's unchallenged finding of competence.   Lewis's personal testimony appears to be a calculated, albeit misguided, challenge to the mens rea of his offenses rather than a demonstration of mental incompetence.   Lewis fails to carry his burden and gives the court no reason to question the trial court's sound discretion.   See Messervey, 317 F.3d 457 at

---

[27]Memorandum of Law and Brief in Support of Application for Habeas Corpus, pp. 3-4.

-27-

463.  His claim would be denied on the merits were it not procedurally barred.

## C.   Claim (4):  **Legal Insufficiency of the Evidence**

Lewis's assertion that he does not remember committing the offenses due to his PCP usage may be interpreted as a claim of legal insufficiency of the evidence in that he lacked the requisite mental state for the crimes.  The court concludes that if Lewis has made such a claim, he has forfeited it through his guilty plea. Smith, 711 F.2d at 682; see also Kelley v. Alabama, 636 F.2d 1082, 1083-84 (5th Cir. 1981) (petitioner who pleads guilty may not request a new trial on legal sufficiency grounds unless he shows a defect with his plea).  Such a claim would also be meritless, as Texas has long recognized that voluntary intoxication is not a defense to a crime.  See Rojas v. State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998) (citing to TEX. PEN. CODE § 8.04(a)).  To the extent that Lewis claims the evidence against him was legally insufficient to support the charges against him, the court concludes that the respondent is entitled to summary judgment.

## V.  **Certificate of Appealability**

Although Lewis has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per

curiam).   To obtain a COA for claims denied on the merits Lewis must make "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); <u>Tennard</u>, 124 S. Ct. at 2569.   To make such a showing Lewis must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further.   <u>Id.</u>   When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).   For the reasons stated in this Memorandum Opinion and Order, Lewis has not made a substantial showing of a denial of a constitutional right, nor has he shown that a jurist of reason would debate whether the procedural rulings in this case are correct.   Accordingly, a Certificate of Appealability will not be issued in this case.

## VI.   <u>Conclusion and Order</u>

For the reasons explained above, the court **ORDERS** the following:

1.   Lewis's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED.**

2.   Respondent Thaler's Motion for Summary Judgment
     (Docket Entry No. 12) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2010.

                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE